**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAMES WYMER,**

    **Plaintiff,**

**VS.**                                                                 **Case No. 4:16cv181-MW/CAS**

**U.S. MARSHALS, et al.,**

    **Defendants.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2. Good cause having been shown, the motion is granted and the Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff's complaint, ECF No. 1, has been reviewed. Plaintiff seeks to bring this lawsuit against numerous persons employed at the United States Marshals Service in Washington, D.C., and one Deputy Marshal located in Tallahassee, Florida. ECF No. 1 at 2. Plaintiff contends that on an unspecified date, he "was thrown out" of an unspecified location. ECF No. 1 at 3. Plaintiff contends he was treated differently than others,

and is disabled, but he does not allege specific facts showing how or when any other identifiable person was treated differently. Moreover, Plaintiff suggests he was "thrown out" before he was able to exercise his freedom of speech, but Plaintiff has not provided clear factual statements which reveal what or how Plaintiff was trying to express.

Judicial notice is taken that in another of Plaintiff's recent cases, (see case number 4:16cv180), Plaintiff said he was denied "service" in the Clerk's Office of this Court and claimed he was harassed, intimidated, and "escorted" in the courthouse by the United States Marshals Service. *Id.* at 3 of case #4:16cv180. Plaintiff alleged in that case that he has "the right to say what" he wants. *Id.*

As was explained in the Report and Recommendation entered in that case, Plaintiff has the right to freedom of speech, but no litigant has the right to be abusive to staff in the Clerk's Office. The Marshals presence assures that Plaintiff is assisted, and the Clerk's staff are protected. None of that violates Plaintiff's rights.

Another reason to dismiss this case is because it appears Plaintiff has abandoned this litigation. Most of Plaintiff's 14 recently filed cases were submitted on March 14 or 15, 2016, but Plaintiff also submitted two

more cases on March 23, 2016, and one additional case on March 25, 2016. The last case filed, case number 4:16cv187-MW/CAS, reveals that the "notice to pro se litigants," ECF No. 3, which is routinely sent from the Clerk's Office upon case initiation, was returned to the Court as "undeliverable." ECF No. 4. The mail has a postal stamp which states: "Return to Sender; Unable to Forward." *Id.* If mail from this Court cannot reach Plaintiff, this case cannot continue.

Accordingly, because Plaintiff has not alleged a sufficient basis for a civil rights complaint, and it appears that Plaintiff may not receive this Order, there is no reason to permit Plaintiff to submit an amended complaint. This case should be summarily dismissed.

Accordingly, it is **ORDERED** that Plaintiff's motion seeking leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

Case No. 4:16cv181-MW/CAS

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it fails to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on April 18, 2016.


 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days of this Report and Recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.